29475. HANCOCK *et al.* v. COURSON, sheriff, for use etc.

DECIDED JUNE 19, 1942. ADHERED TO JULY 23, 1942.

*T. J. Townsend, Memory & Memory,* for plaintiffs in error.
*C. A. Williams, Highsmith & Highsmith,* contra.

FELTON, J. A. F. Courson as sheriff of Bacon County, for the use of J. C. Rigdon as treasurer, sued J. W. Hancock ex-deputy sheriff as principal and the sureties on his bond given as such deputy upon his entering upon his duties, to recover on the bond for tax collections, consisting of partial collections on certain tax fi. fas., made during the time between November 27, 1937, and December 22, 1938, and alleged not to have been accounted for. The list of the tax fi. fas. with the dates and amounts alleged not to have been accounted for is attached to the petition and the amounts total $1306.71. The defendants filed an answer in which they denied the material allegations of the plaintiff. The jury found for the defendants. The court granted a new trial to the plaintiff generally, without stating whether or not it was granted on any special ground of the motion. The defendants excepted.

Hancock did not deny having collected the amounts of the partial payments as contended by the plaintiff. In his answer he denied the allegation that the sums sued for had not been accounted

for by him. By his testimony he admitted that he had not paid
the money collected to be applied on the fi. fas. attached to the peti-
tion, but contended that he had paid all the money collected on
them to the tax collector to be applied in the following way: Since
1935 tax executions were turned over directly to Hancock, as deputy
sheriff, for collection, for which he receipted directly to the tax
collector. The sheriff also turned over to Hancock for collection
tax fi. fas. for previous years which had been receipted for by the
sheriff. It was generally the custom for Hancock to settle with
the tax-collector for collections made, whether by the sheriff or by
him, but settlement was never made for any fi. fa. until it had
been paid in full. Hancock did not attempt to show that he had
accounted in full, by a general accounting, showing total fi. fas.
turned over to him as against collections made, tax executions re-
turned unpaid, and fi. fas. going into tax deeds etc. In his testi-
mony he contended that the sheriff had made partial collections on
various fi. fas., which money was retained by the sheriff and never
paid to him, and that in settling with the tax collector for various
fi. fas. *which had been paid in full* he paid $1029.85, which was
applied on the partial payments which had been collected by the
sheriff. Hancock contended that these payments accounted for
$1029.85 of the amount sued for. This appears from his testi-
mony on page 41 of the record. He testified: "I have some of
those fi. fas. for years prior to 1936 for which I paid cash in those
files there. I identify this package as items that I have paid to
the tax collector, paid for the sheriff. They are items that had
previously been checked to the sheriff by the tax collector for col-
lections and I paid them off for him." His attorney then asked
Hancock to read the name, year, and amount of each one. He then
read off the name, year, and amount of nine fi. fas. At that point
the court suggested that the court reporter identify all the papers
in question and the total amount. On page 67 of the brief of evi-
dence the following appears: "The defendants introduced in evi-
dence tax fi. fas. showing collections thereon which the witness,
J. W. Hancock, testified were made by A. F. Courson, and which
he claimed to have settled with J. C. Rigdon as tax collector of
Bacon County, as follows:" Then there are listed 64 fi. fas. with
amounts of partial payments made, and each initialed "AFC,"
meaning A. F. Courson, sheriff. There was introduced in evi-

dence a large number of fi. fas. which showed they had been settled in full by Hancock with the tax collector for which receipts were given him by the tax collector. This last-mentioned list does not include the entire list of those executions for partial payments on which Hancock testified he settled with the tax collector. In fact, it showed fi. fas. on which the partial payments paid to the sheriff were less than $100.

Since Hancock testified that he had not paid the tax collector any money on any fi. fa. which had not been paid in full, it was incumbent upon him to show that the fi. fas. he introduced had been paid in full and had been settled for with the tax collector. Hancock did not apply the partial payments on the items sued for as the law required, and the burden was on him to show they had been accounted for. Construing his testimony against him, it shows that he was in error in contending that he was entitled to the credit of $1029.85. As to other credits he does not successfully show an accounting for the funds sued for, in the absence of a full and complete accounting of all fi. fas. handled, with credits against them, whether in money collected and turned over to the tax collector, returned tax fi. fas., payments to sheriff, shortages from money drawer available to the sheriff, tax sales, etc. There was no such accounting, and it can not be ascertained from the evidence that Mr. Hancock had as a matter of law accounted for the sums sued for. The evidence did not, as a matter of law, demand a verdict for the defendants, and it was not error to grant a new trial.

The judgment of affirmance is adhered to on motion for rehearing. The foregoing opinion is substituted for the original opinion rendered in this case.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*